IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT WARHEIT, as guardian for GEORGE R. WARHEIT, his father, | : : : : : : : : : : : : : : | CIVIL ACTION<br><br>No: |
| Plaintiff, | | |
| v. | | |
| MAYBROOK-C LATROBE OPCO, LLC d/b/a THE GROVE AT LATROBE; and THE UNITED STATES OF AMERICA, | | |
| Defendants. | | |

## COMPLAINT

AND NOW comes Plaintiff, SCOTT WARHEIT, AS GAURDIAN FOR GEORGE R. WARHEIT, HIS FATHER, by and through his counsel, Carlyle J. Engel, Esquire, and SWENSEN & PERER, and submits this Complaint, based upon the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Scott Warheit is an adult individual having an address of 408 School Street, Bradenville, PA 15620.

2. George R. Warheit is an adult individual currently residing at Waynesburg Healthcare and Rehabilitation Center, 300 Center Avenue, Waynesburg, PA 15370.

3. Scott Warheit is the son of George Warheit, and Scott Warheit was appointed his father's guardian by the Court of Common Pleas of Westmoreland County by final decree dated 6/17/17, a copy of which decree is attached at Exhibit 1.

4. Defendant Maybrook-C Latrobe Opco, LLC d/b/a The Grove at Latrobe, is a Pennsylvania business entity that operates a skilled nursing home known as The Grove at Latrobe, with an address of 576 Fred Rodgers Drive, Latrobe, PA 15650. Plaintiff is asserting a professional liability claim against this Defendant. A Certificate of Merit is attached at Exhibit 2.

5. Defendant United States of America, through its agency, the Department of Veteran Affairs, operates the Veteran Affairs Hospital located at 4100 Allequippa Street, Pittsburgh, PA 15213. Plaintiff is asserting a professional liability claim against this Defendant. A Certificate of Merit is attached at Exhibit 3.

6. The claims against Defendant USA are brought under the Federal Tort Claims Act, 28 USC §2671, et seq., and 28 USC §1346(b), for negligence in connection with events that occurred at the aforesaid Pittsburgh VA Hospital. Plaintiff fully complied with the provisions of 28 USC §2675 of the Federal Tort Claims Act, and Plaintiff's Standard Form 95 is attached at Exhibit 4. Plaintiff files this complaint against Defendant USA pursuant to 28 USC §2401(b), as more than 180 days have elapsed since Plaintiff submitted his Form 95.

7. At all times relevant to the events complained of, those responsible for George R. Warheit's care at the Pittsburgh VA Hospital were employed by and acting within the scope of their employment with Defendant USA, such that Defendant USA was responsible for the negligent acts of those staff and employees.

8. Jurisdiction is proper under 28 USC §1346(b)(1), and venue is proper under 28 USC §1402(b), in that the acts and omissions forming the basis of the claims against the Pittsburgh VA Hospital occurred in the Western District of Pennsylvania.

**FACTS**

9. On or about 11/15/17, George Warheit was a resident of The Grove at Latrobe, having resided at that facility since March 2017.

10. At the time of the events, George Warheit, then 71 years old, was diagnosed with advanced dementia which was known to both The Grove at Latrobe and the VA Hospital, and Warheit was known to both entities to be at risk for wondering and/or eloping.

11. On or about the aforesaid date, The Grove at Latrobe transported Warheit to the Pittsburgh VA Hospital for an eye appointment, with a Grove employee to accompany Warheit during the trip and medical appointment.

12. At some point after his arrival at the VA Hospital, George Warheit was left unattended by Grove and VA staff, and during that time, Warheit eloped from the VA Hospital. The time of the elopement was shortly before 4 pm.

13. At some point after Warheit's elopement, his disappearance became evident to The Grove at Latrobe and VA staff, and the authorities, including VA police, were contacted.

14. More than eight hours later, after midnight on 11/16/17, the VA police were notified that Warheit was located at UPMC Mercy Hospital in Pittsburgh, with serious injuries including lacerations and contusions to his hands and face, a nasal fracture, and a fractured left hip.

15. It was later learned that Warheit had been found in this injured state in the Duquesne Heights section of the City of Pittsburgh, more than six miles from the Pittsburgh VA Hospital.

16. Law enforcement concluded that Warheit likely sustained the aforesaid injuries as a result of being struck by a vehicle.

17. As a result of his injury, George Warheit sustained damages in the form of past and future pain and suffering, embarrassment and humiliation, disfigurement, loss of the pleasures of life, and associated medical expenses for the care and treatment of his injuries.

## COUNT I

**SCOTT WARHEIT, as guardian for GEORGE R. WARHEIT, his father**

v.

**Maybrook-C Latrobe Opco, LLC d/b/a The Grove at Latrobe**

**Negligence**

18. Plaintiff hereby incorporates by reference all preceding paragraphs as though more fully set forth herein.

19. Defendant Maybrook-C Latrobe Opco, LLC d/b/a The Grove at Latrobe, in its own right, and by and through its employees and agents, was negligent in some or all of the following particulars:

    a. In leaving George Warheit unattended as described above.

    b. In failing to stay with George Warheit or ensure an appropriate individual would stay with George Warheit during the time in question.

    c. In allowing Warheit to elope from the VA Hospital.

    d. In failing to properly train its personnel in elopement prevention.

    e. In failing to have adequate policies and procedures in place to prevent elopement of patients.

    f. In employing incompetent, inexperienced, and/or unqualified personnel to care for patients.

20. As a result of the Defendant's negligence, George Warheit sustained those injuries and damages as are set forth above.

WHEREFORE, Plaintiff claims damages and judgment against the Defendant in an amount in excess of $75,000.

## COUNT II

**SCOTT WARHEIT, as guardian for GEORGE R. WARHEIT, his father**

v.

**UNITED STATES OF AMERICA**

### Negligence

21. Plaintiff hereby incorporates by reference all preceding paragraphs as though more fully set forth herein.

22. Defendant United States of America, in its own right, and by and through its employees and agents, was negligent in some or all of the following particulars:

    a. In leaving George Warheit unattended as described above.

    b. In failing to stay with George Warheit or ensure an appropriate individual would stay with George Warheit during the time in question.

    c. In allowing Warheit to elope from the VA Hospital.

    d. In failing to properly train its personnel in elopement prevention.

    e. In failing to have adequate policies and procedures in place to prevent elopement of patients.

    f. In employing incompetent, inexperienced, and/or unqualified personnel to care for patients.

23. As a result of the Defendant's negligence, George Warheit sustained those injuries and damages as are set forth above.

24. The acts and/or omissions set forth above constitute a claim under Pennsylvania law.

25. The Defendant is liable pursuant to 28 USC §1346(b)(1).

WHEREFORE, Plaintiff claims damages and judgment against the Defendant in an amount in excess of $75,000.

                                          SWENSEN & PERER,

                                          */s/ C.J. Engel, Esquire*
                                          C.J. Engel, Esquire
                                          Counsel for Plaintiff