IN THE COURT OF COMMON PLEAS
OF WESTMORELAND COUNTY, PENNSYLVANIA
ORPHAN'S DIVISION

IN RE:  )
GEORGE R. WARHEIT,  )
  )  NO. 65-17-__1006__
  )
  )
Alleged Incapacitated Person  )

**FINAL DECREE**

AND NOW, this __27TH__ day of __June__, 2017, based upon the record and the evidence received, the Court finds by clear and convincing evidence that GEORGE R. WARHEIT is adjudged a totally incapacitated person.

The Court finds that GEORGE R. WARHEIT suffers from Dimentia, which has manifested in the alleged incapacitated person being totally unable to receive and evaluate information effectively or to make and communicate decisions concerning his management of financial affairs or to meet essential requirements for his physical health and safety.

SCOTT WARHEIT is hereby appointed Plenary Permanent Guardian of the Person of GEORGE R. WARHEIT. The Guardian of the Person shall file a report on the social, medical and other relevant conditions as required by 20 Pa. C.S.A. §5521(c).

SCOTT WARHEIT is hereby appointed Plenary Permanent Guardian of the Estate of GEORGE R. WARHEIT. The Guardian of the Estate shall file a report within 60 days and annually thereafter. These reports shall comply with 20 Pa. C.S.A. §5521(c).

The Guardian of the Person shall have authority and responsibility to decide where GEORGE R. WARHEIT shall live and how meals, personal care, transportation and recreation will be provided. The Guardian of the Person shall also have authority to authorize and consent to medical treatment and surgical procedures necessary for the well-being of GEORGE R.



EXHIBIT 1

WARHEIT, except those powers and duties specifically excluded in 20 Pa. C.S.A. §5521(d).

The Guardian of the Estate shall have authority and responsibility to manage and use GEORGE R. WARHEIT's property primarily for his benefit and secondarily for the benefit of his legal dependents in accordance with 20 Pa. C.S.A. §5536(a). 20 Pa. C.S.A. §5536(a) authorizes the Guardian of the Estate to spend income for the aforesaid purposes without the Court's written authorization; the Guardian is permitted to invade principal assets up to $3,500.00, as may be required to meet the monthly charges for GEORGE R. WARHEIT, an incapacitated person; the Guardian cannot invade any additional principal assets without written court approval.

All banks and other financial institutions are directed to give the Guardian of the Estate of the incapacitated person all information which relates to accounts and/or financial transactions in the joint name or individual name of the incapacitated person.

It is further ordered and decreed that the Guardian of the Person and Guardian of the Estate shall perform ~~her~~ *his* functions and exercise ~~her~~ *his* authority so as to permit the incapacitated person as much daily activities and as much independence that circumstances will permit with safety.

The aforementioned judicial determination has taken into consideration the matters required by 20 Pa. C.S.A. §5512.1. The Court's findings of fact and conclusions of law have been placed on the record at the evidentiary hearing.

BY THE COURT:

_____, Judge

ATTEST:

*[signature: Sherry M Hamilton]*

CERTIFIED AS A TRUE AND CORRECT COPY AS OF RECORD IN THE OFFICE OF REGISTER OF WILLS & CLERK OF ORPHANS' COURT, WESTMORELAND COUNTY, PENNSYLVANIA

*[signature: Sherry M Hamilton]*
Register of Wills & Clerk of Orphans' Court
DATED: 12-27-2017

*[handwritten: Costs of Cert. copies of Final Decree (5) are hereby waived. AGM]*